IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JONATHAN LEMONE VAUGHN, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  5:21-CV-00050-RWS-CMC |
| v. | § § § | |
| DIRECTOR, TDCJ-CID, | § § § | |
| Defendant. | § § | |

**ORDER**

Plaintiff Jonathan Lemone Vaughn, an inmate proceeding *pro se*, filed the above-styled and numbered civil action complaining of alleged violations of his constitutional rights pursuant to 28 U.S.C. § 2254.  The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

After review of the pleadings, the Magistrate Judge recommended the lawsuit be dismissed with prejudice for purposes of proceeding *in forma pauperis* for failure to exhaust administrative remedies.  Docket No. 5.  Plaintiff acknowledged receipt of the Report and Recommendation on May 12, 2021.  Docket No. 7.  While Plaintiff filed a Notice/Request on May 13, 2021, the motion requested surveillance video relating to a civil rights action filed in Civil Action No. 5:18-CV-126.  Docket No. 6.  Because it would appear Plaintiff has not filed any objections to the Magistrate Judge's report, Plaintiff is barred from *de novo* review by the District Judge of those findings, conclusions and recommendations, and except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court.  28 U.S.C § 636(b)(1)(C); *Douglass v. United Services Automobile Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Nonetheless, the Court has reviewed the pleadings and the Magistrate Judge's report and agrees with the report. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants.' ") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)).

Furthermore, Plaintiff is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, Plaintiff need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Plaintiff has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, Plaintiff has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

It is accordingly

**ORDERED** that the Report of the Magistrate Judge (Docket No. 5) is **ADOPTED** as the

opinion of the Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* for failure to exhaust administrative remedies.

**SIGNED this 18th day of October, 2021.**

                                                ROBERT W. SCHROEDER III
                                                UNITED STATES DISTRICT JUDGE